UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY D. WILKINS,

Plaintiff,

v.

DANIEL SMITH, et al.,

Defendants.

Case No. 25-cv-06426-HSG

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate at California Medical Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against San Quentin State Prison ("SQSP") medical staff. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

1    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a

7    right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

8    violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

9    U.S. 42, 48 (1988).

**B.    Complaint**

The complaint names as defendants the following San Quentin State Prison ("SQSP") medical staff: doctor Daniel Smith, chief psychiatrist Paul Burton, psychologist Obrero, psychiatrist Emily Asher, and licensed clinical social workers Stephen Janik and Marissa Fitzgibbon.

The complaint makes the following allegations.

While housed at California Institute for Men, Plaintiff was poisoned by custody staff. The poison burned a hole in his body, injuring his stomach and causing an ulcer. Plaintiff was prescribed lidocaine for pain management.

On October 2, 2023, Plaintiff was seen by defendant doctor Smith. Defendant Smith told Plaintiff off-the-record that the stomach injury would heal in six weeks but refused to provide adequate treatment for Plaintiff's stomach injury. Defendant Smith doubted that Plaintiff had an ulcer; believed that Plaintiff's complaints about being poisoned indicated mental health issues, not physical health problems; and said that Plaintiff did not need a liquid diet or any other alternative diet. Defendant Smith refused to order a blood count check and EGD and took Plaintiff off the liquid diet that a nurse had prescribed. Defendant Smith left Plaintiff on a medication-only treatment plan that was ineffective to address the damage to Plaintiff's stomach from the poisoning, and referred Plaintiff to mental health.

On October 4, 2023, Plaintiff was admitted to SQSP's Triage and Treatment Area for

reports of severe stomach pain. The nurse who treated him "educated him to get an EGD and colonoscopy" and Plaintiff agreed. Defendant Smith refused to order an EGD and colonoscopy, and refused to summon a specialist. Defendant Smith's refusal was part of a conspiracy with custody staff to cover up the injuries sustained from the poisoning.

On October 5, 2023, Plaintiff was seen by defendants Burton, Obrero, Asher, Janik, and Fitzgibbon. These defendants conspired with defendant Smith to cover up the injuries that Plaintiff sustained from the poisoning by diagnosing Plaintiff as suffering from paranoid delusions and having Plaintiff admitted into mental health. Defendant Burton threatened Plaintiff with admission into the Mental Health Crisis Bed if Plaintiff did not agree to be admitted into mental health at the CCCMS level of care. When Plaintiff agreed to enter mental health at the CCCMS level of care, defendant Burton smiled and told Plaintiff that the admission showed that Plaintiff's stomach injury was caused by stress.

The following is additional evidence of the conspiracy to cover up Plaintiff's injuries. On November 8, 2023, Plaintiff was denied labs to check his blood count and prison officials falsely recorded this denial as Plaintiff refusing treatment. Plaintiff was scheduled to have his blood count checked on November 20, 2023, but was instead transferred away from SQSP to CMF-Vacaville. If Plaintiff had been allowed to have his blood count checked, it would have shown that the "medication-only" treatment he was on prior to going out to court and being poisoned was ineffective. On December 5, 2023, Plaintiff had labs taken at CMF-Vacaville which indicated that he had a low blood count and suffered from anemia.

On May 23, 2024, Plaintiff received an EGD (upper endoscopy), but the doctor performing the EGD, Dr. Denigris, falsified the medical report. Dr. Denigris concluded that Plaintiff suffered from food allergies or eosinophilic esophagitis. The consulting specialist would not endorse this conclusion, stating that he highly doubted that Plaintiff had eosinophilic esophagitis because Plaintiff had no symptoms of dysphagia and because biopsies were only taken from the distal esophagus which frequently show small degrees of eosinophilia.

Plaintiff alleges that Defendants' actions and failures to act constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment, and that

1    defendant Smith's actions and failures to act also violated California's Bane Act and violated the
2    legal duty to summon medical care created by Cal. Gov't Code § 845.6.

**C.    Dismissal with Leave to Amend**

The Court DISMISSES the complaint with leave to amend because the complaint fails to state an Eighth Amendment claim for deliberate indifference to an inmate's serious medical needs.

A prison official is deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). "But this is true only if *both* dueling medical opinions are medically acceptable under the circumstances." *Porretti v. Dzurenda*, 11 F.4th 1037, 1048 (9th Cir. 2021) (internal quotation marks and citation omitted, emphasis in original) (finding that "[w]ith only one credible and medically acceptable recommendation, [plaintiff's] case did not involve a mere disagreement of medical opinion between experts over different acceptable treatments"). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *Toguchi*, 391 F.3d. at 1060.

The complaint's allegations, at most, allege a difference of opinion as to the appropriate medical treatment which, as a matter of law, fails to state an Eighth Amendment claim. The complaint does not plausibly allege that a blood count test, upper endoscopy (EGD), and colonoscopy were the only appropriate medical treatment, or how the medication prescribed was ineffective. Plaintiff acknowledges in the complaint that when he was later given a blood count test, it indicated a low blood count, and that condition was attributed to anemia, not poisoning or

1  internal bleeding.  Plaintiff's conclusory statements that he required a blood count test, upper
2  endoscopy (EGD), and colonoscopy and that medication was ineffective are naked assertions
3  devoid of factual support sufficient to state a cognizable Eighth Amendment claim.  *Ashcroft*, 556
4  U.S. at 677–78.

5         In addition, the complaint's allegations do not satisfy the objective prong of an Eighth
6  Amendment claim.  According to the complaint, defendant Smith informed Plaintiff that his
7  stomach issues would resolve in six weeks, and did not believe that Plaintiff had been poisoned.  It
8  therefore cannot be reasonably inferred from the complaint that defendant Smith knew that
9  denying Plaintiff a blood count test, upper endoscopy (EGD), and colonoscopy subjected him to
10 substantial risk of serious harm, which is a required element of an Eighth Amendment claim.
11 *Farmer*, 511 U.S. at 837.  Similarly, the complaint does not provide factual allegations from
12 which it can be reasonably inferred that defendants Burton, Obrero, Asher, Janik, and Fitzgibbon
13 failed to recommend a blood count test, upper endoscopy (EGD), and colonoscopy, knowing that
14 not receiving these tests would expose Plaintiff to substantial risk of serious harm.

15        To the extent that Plaintiff is alleging that Defendants should have known that poisoning
16 required additional medical examination, such as a blood count test, upper endoscopy (EGD), and
17 colonoscopy, the Court notes the following.  First, the Court need not accept as true irrational
18 allegations, such Plaintiff's unsupported claim that he was poisoned.  *Denton v. Hernandez*, 504
19 U.S. 25, 32 (1992) (because 28 U.S.C. § 1915 gives courts authority to pierce veil of complaint's
20 factual allegations, court is not bound to accept on screening irrational or wholly incredible
21 allegations as true).  Second, medical malpractice or negligence does not violate the Eighth
22 Amendment.  *Toguchi*, 391 F.3d. at 1060.   In other words, if Defendants erred in disbelieving the
23 poisoning claims, their mistaken medical diagnosis would not violate the Eighth Amendment.
24 //
25 //
26 //
27 //
28 //

5

To the extent that Plaintiff is alleging that Defendants were conspiring to cover up the poisoning by refusing to provide adequate medical treatment, the Court notes the following. Conclusory allegations of a conspiracy do not state a cognizable Section 1983 claim. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (affirming dismissal of conspiracy claim where plaintiff failed to state specific facts to support existence of claimed conspiracy); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (to state claim for conspiracy to violate constitutional rights, plaintiff must state specific facts to support existence of claimed conspiracy). The facts in the complaint do not plausibly allege a conspiracy between staff to deny Plaintiff appropriate medical treatment. Viewing the allegations on their face, defendant Smith did not believe that Plaintiff had been poisoned; defendant Burton's smile and statement that Plaintiff's injury was caused by stress does not clearly indicate nefarious intent; the blood counts were not cancelled by any of the named defendants; and Plaintiff's transfer to another facility was not ordered by any of the named defendants.

The Court declines to screen Plaintiff's remaining state-law claims at this time as the Court may decline to exercise supplemental jurisdiction if it dismisses all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the deficiencies identified above. The amended complaint must include the caption and civil case number used in this order, Case No. 25-cv-06246 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Plaintiff may not incorporate material from the prior complaint by reference. Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. Failure to file an amended complaint in accordance with this order in the time provided may result in dismissal of this action without further notice to

6

1  Plaintiff for failure to state a claim or failure to obey a court order.  The Clerk shall include two
2  copies of the court's complaint form with a copy of this order to Plaintiff.
3       **IT IS SO ORDERED.**
4  Dated:    8/14/2025

                                                                                     _____
                                                                                       HAYWOOD S. GILLIAM, JR.
                                                                                       United States District Judge