UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY D. WILKINS,

              Plaintiff,

    v.

DANIEL SMITH, et al.,

              Defendants.

Case No. 25-cv-06426-HSG

**ORDER OF DISMISSAL**

Plaintiff, an inmate at California State Prison - Lancaster, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His second amended complaint (Dkt. No. 10) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

United States District Court
Northern District of California

1  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a

6  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

8  U.S. 42, 48 (1988).

9      "The standard for determining whether a plaintiff has failed to state a claim upon which

10  relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure

11  12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

12  2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (Section 1915A

13  screening "incorporates the familiar standard applied in the context of failure to state a claim

14  under Federal Rule of Civil Procedure 12(b)(6)").   In determining whether a complaint states a

15  claim, the court is "not . . . required to accept as true allegations that contradict exhibits attached to

16  the Complaint or matters properly subject to judicial notice, or allegations that are merely

17  conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l*

18  *Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).   "Courts must consider the complaint in its

19  entirety," including "documents incorporated into the complaint by reference," when determining

20  whether the plaintiff has stated a claim upon which relief may be granted. *See Tellabs, Inc. v.*

21  *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (12(b)(6) motion); *Schneider v. Cal. Dep't*

22  *of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (12(b)(6) motion).   "A copy of a written

23  instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ.

24  P. 10(c).

25  **B.    Procedural History**

26      In the initial complaint, Plaintiff sued SQSP doctor Daniel Smith, chief psychiatrist Paul

27  Burton, psychologist Obrero, psychiatrist Emily Asher, and licensed clinical social workers

28  Stephen Janik and Marissa Fitzgibbon, alleging that they had violated the Eighth Amendment,

California's Bane Act, and Cal. Gov't Code § 845.6. The initial complaint made the following allegations. Plaintiff had been poisoned by custody staff while housed at California Institute for Men. The poison burned a hole in his body, injuring his stomach and causing an ulcer. Defendants conspired to cover up the injuries caused by the poisoning as follows. Defendant Smith left Plaintiff on a medication-only treatment plan that was ineffective to address the damage to Plaintiff's stomach from the poisoning. Defendant Smith refused to order an EGD and colonoscopy and refused to summon a specialist. Defendants Burton, Obrero, Asher, Janik, and Fitzgibbon diagnosed Plaintiff as suffering from paranoid delusions and tried to have Plaintiff admitted into mental health. Plaintiff's blood count was not taken despite his requests.

The Court dismissed the complaint for failure to state an Eighth Amendment claim for deliberate indifference to serious medical needs as follows:

> The complaint's allegations, at most, allege a difference of opinion between as to the appropriate medical treatment which, as a matter of law, fails to state an Eighth Amendment claim. Plaintiff has been prescribed omeprazole and sucralfate, which is an appropriate treatment for ulcers. It is unclear why a blood count test, upper endoscopy (EGD), and colonoscopy were the only appropriate medical treatment; or how the medication prescribed was ineffective. Plaintiff acknowledges in the complaint that when he was later given a blood count test, while the test indicated a low blood count, the low blood count was attributed to anemia, not poisoning or internal bleeding. Plaintiff's conclusory statements that he required a blood count test, upper endoscopy (EGD), and colonoscopy and that medication was ineffective are naked assertions devoid of further factual enhancement insufficient to state a cognizable Eighth Amendment claim. *Ashcroft*, 556 U.S. at 677–78.
>
> In addition, the complaint's allegations do not satisfy the objective prong of an Eighth Amendment claim. According to the complaint, defendant Smith informed Plaintiff that his stomach issues would resolve in six weeks, and did not believe that Plaintiff had be poisoned. It therefore cannot be reasonably inferred from the complaint that defendant Smith knew that denying Plaintiff a blood count test, upper endoscopy (EGD), and colonoscopy subjected him to substantial risk of serious harm, which is a required element of an Eighth Amendment claim. *Farmer*, 511 U.S. at 837. Similarly, the complaint does not provide factual allegations from which it can be reasonably inferred that defendants Burton, Obrero, Asher, Janik, and Fitzgibbon failed to recommend a blood count test, upper endoscopy (EGD), and colonoscopy, knowing that not receiving these tests would expose Plaintiff to substantial risk of serious harm.
>
> To the extent that Plaintiff is alleging that Defendants should have known that poisoning required additional medical examination, such as a blood count test, upper endoscopy (EGD), and colonoscopy, the Court notes the following. First, the Court need not accept as true irrational allegations, such Plaintiff's unsupported claim that he was poisoned. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (because 28 U.S.C. § 1915 gives courts authority to pierce veil of complaint's factual allegations, court is not bound to accept on screening irrational or wholly incredible allegations as true). Second, medical malpractice or negligence does not violate the Eighth Amendment. *Toguchi*, 391 F.3d. at 1060. In other words, if Defendants erred in disbelieving the poisoning claims, their mistaken medical diagnosis would not violate the Eighth Amendment.

United States District Court
Northern District of California

1  Dkt. No. 5 at 3-4.  The Court granted Plaintiff leave to amend to correct the identified deficiencies.

2  *See generally* Dkt. No. 5.

3          On October 20, 2025, Plaintiff filed an amended complaint.  Dt. No. 9.  On October 23,

4  2025, Plaintiff filed a second amended complaint.  An amended complaint completely replaces

5  previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).  The second

6  amended complaint is therefore the operative complaint.

7  **C.      Second Amended Complaint**

8          The second amended complaint names as defendants San Quentin State Prison ("SQSP")

9  doctor Daniel Smith and Doe SQSP correctional officer.

10          The factual allegations in the second amended complaint are similar to the factual

11  allegations made in the initial complaint.

12          Plaintiff was housed at California Institute for Men ("CIM") prior to being housed at

13  SQSP.  While housed at CIM, Plaintiff was poisoned and the poison caused an ulcer.  On October

14  2, 2023, Plaintiff sought treatment from defendant Smith for the ulcer.  Defendant Smith

15  responded did not believe that Plaintiff had an ulcer, in part because Plaintiff was already being

16  provided treatment for an ulcer: 40 mg omeprazole twice daily and sucralfate.  Defendant Smith

17  did not rule out the possibility of an ulcer, stating that there was a possibility of a duodenal ulcer.

18  Plaintiff states although that the omeprazole was prescribed to reduce the amount of acid in

19  Plaintiff's stomach so Plaintiff's ulcer could heal and the sucralfate was intended to stop the

20  bleeding, neither medication was working.

21          On October 4, 2023, Plaintiff was admitted to SQSP's Triage and Treatment Area for

22  severe abdominal pain.  The nurse who treated him "educated him to get an EGD and

23  colonoscopy" and Plaintiff agreed.  Defendant Smith refused to order an EGD and colonoscopy

24  and refused to summon a specialist because he was conspiring with custody staff to cover up the

25  injuries sustained from the poisoning.  Defendant Smith knew that an EGD would reveal

26  Plaintiff's injuries, as indicated by the results of May 23, 2024 EGD.  Plaintiff was released from

27  the TTA on the same day.  Shortly after his release, Plaintiff noticed that his stools were getting

28  dark.  Plaintiff adamantly requested a blood count.  On November 8, 2023, Plaintiff was scheduled

for labs.  The Doe defendant falsified a refusal of examination to prevent Plaintiff from getting his blood count because the Doe defendant was trying to cover up the injuries covered by the poisoning.  Plaintiff was scheduled to have his blood count checked on November 20, 2023, but was instead transferred away from SQSP to CMF-Vacaville.  On December 5, 2023, Plaintiff had labs taken at CMF-Vacaville which indicated that he had a low blood count, which is an indication of internal bleeding.  On May 23, 2024, while housed at CMF – Vacaville, Plaintiff received an EGD.  Dr. Denigris performed the EGD and cauterized something during the procedure.  As a result, after the EGD, Plaintiff felt a burning sensation when he ate.  Dr. Denigris concluded that the EGD showed that Plaintiff suffered from food allergies and eosinophilic esophagitis. However, this conclusion was false and was made to "spoil[] the evidence."  The consulting specialist did not endorse Dr. Denigris' conclusion and instead stated that he highly doubted that Plaintiff had eosinophilic esophagitis because Plaintiff had no symptoms of dysphagia and because the biopsies were only taken from the distal esophagus which in the setting of GERD frequently shows small degree of eosinophilia.  After the EGD, Plaintiff felt a burning sensation when eating, which is further proof that defendant Smith's medication-only treatment was ineffective for the damage caused by the poisoning.

Defendants Smith and Doe violated Plaintiff's constitutional rights when they conspired to cover up Plaintiff's injuries by defendant Smith refusing to order an EGD procedure and by defendant Doe cancelling Plaintiff's lab appointments for a blood count.  These actions and inactions also violated California's Bane Act because they constitute coercive acts.  In addition, defendant Smith's refusal to summon a specialist violated the legal duty to summon medical care set forth in Cal. Gov't Code § 845.6.

**D.    Dismissal with Prejudice**

The Court DISMISSES the second amended complaint for failure to state an Eighth Amendment claim because it fails to correct the deficiencies identified in the Court's August 14, 2025 screening order.

A prison official is deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment, if he knows that a prisoner faces a substantial risk of serious

harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference.  *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).  A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment.  *Toguchi*, 391 F.3d. at 1060.

As an initial matter, the Court need not accept as true irrational allegations, such as Plaintiff's unsupported claims that he was poisoned, that prison officials were conspiring to cover up his poisoning, or that doctors falsified his medical reports.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (because 28 U.S.C. § 1915 gives courts authority to pierce veil of complaint's factual allegations, court is not bound to accept as true irrational or wholly incredible allegations).

The amended complaint again fails to satisfy the objective prong of an Eighth Amendment claim.  There are no factual allegations from which it can be reasonably inferred that defendant Smith knew of a significant risk of substantial harm to Plaintiff if Plaintiff did not receive an EGD and colonoscopy.  According to the operative complaint and exhibits attached thereto, defendant Smith believed that Plaintiff's stomach issues were adequately addressed by omeprazole and sucralfate; that Plaintiff's stomach issues were caused by paranoia; that Plaintiff required mental health treatment; that an EGD and colonoscopy were not appropriate for Plaintiff's health issues; and that medical staff should not agree to treatment that might undermine the mental health approach, i.e., allow him to avoid food because of the belief that the food was poisoned.  Dkt. No. 10 at 13, 16.  Moreover, the exhibits to the operative complaint, specifically the August 2024 EGD and colonoscopy report, contradict Plaintiff's claims of an ulcer.  The EGD and colonoscopy were negative, meaning that no ulcer was found.  Dkt. No. 10 at 30.  In addition, the report contradicts Plaintiff's claim that his stomach discomfort was due to poisoning or an ulcer and that medication

1    was ineffective to treat his condition.  The doctor reading the results from the EGD and

2    colonoscopy concluded that Plaintiff had GERD due to obesity and possibly had functional

3    heartburn.  The doctor's suggested plan was to continue the medication-only treatment prescribed

4    by defendant Smith, perform a small bowel capsule endoscopy to evaluate small-bowel obscure

5    bleeding, and encourage Plaintiff to lose weight.  Dkt. No. 10 at 30.  To the extent that defendant

6    Smith erred in his diagnosis and medical treatment plan, medical malpractice or negligence does

7    not violate the Eighth Amendment.  *Toguchi*, 391 F.3d. at 1060.

8        The second amended complaint's allegations again allege, at most, a difference of opinion

9    between Plaintiff and defendant Smith as to the appropriate medical treatment which, as a matter

10    of law, fails to state an Eighth Amendment claim.  The Court DISMISSES the Eighth Amendment

11    claim against defendant Smith without further leave to amend, because Plaintiff was previously

12    granted leave to amend this claim and has been unable to cure the identified deficiency.  *See, e.g.,*

13    *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal

14    without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had

15    afforded plaintiff opportunities to do so and had discussed substantive problems with claims),

16    *amended by* 234 F.3d 428, *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541,

17    551 (9th Cir. 2007); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)

18    (district court may deny leave to amend where there have been repeated failures to cure

19    deficiencies by amendment).

20        The Court DISMISSES the Eighth Amendment claim based on the allegation that the Doe

21    defendant falsified a refusal to prevent from having labs that would check his blood count.  This

22    claim is speculative and conclusory.  This claim relies on the allegation that a blood count would

23    reveal that Plaintiff had an ulcer that was causing internal bleeding.  This allegation is contradicted

24    by the medical records that Plaintiff has included with the operative complaint.  And these are no

25    factual allegations from which the Court can reasonably conclude that the Doe defendant knew of,

26    and disregarded, a substantial risk of serious harm to Plaintiff when he or she allegedly prevented

27    Plaintiff from having his blood counted.  Finally, this action may not proceed against a Doe

28    defendant.  The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see*

United States District Court
Northern District of California

7

*Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively impossible for the United States Marshal to serve an anonymous defendant. The Court DISMISSES the Eighth Amendment claim against the Doe defendant without leave to amend as it is based on the same irrational allegation that the Court has rejected above.

Plaintiff has not stated a cognizable federal claim. All that remains in this action are Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(a). The Court declines to screen these potential state law claims because the Court has dismissed all claims over which it has original jurisdiction. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)) (citation omitted) (original brackets) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the second amended complaint without leave to amend. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated:    10/30/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California